1
2
3
4
5
6
7
IN THE UNITED STATES DISTRICT COURT
8
FOR THE DISTRICT OF OREGON
9
10   WILMA J. HARBOURNE,                    Civil No. 07-1839-AA
                                            OPINION AND ORDER
11           Plaintiff,

12       vs.

13   MICHAEL J. ASTRUE,
     Commissioner of Social Security,
14
             Defendant.
15   _____

16   Karen Stolzberg
     Attorney At Law
17   11830 SW Kerr Parkway, #315
     Lake Oswego, Oregon 97035
18       Attorney for plaintiff

19   Karin Immergut
     United States Attorney
20   District of Oregon
     Britannia Hobbs
21   Assistant United States Attorney
     1000 S.W. Third Avenue
22   Portland, Oregon 97204-2902

23   David Blume
     Special Assistant U.S. Attorney
24   Social Security Administration
     701 Fifth Avenue, Suite 2900 M/S 901
25   Seattle, Washington 98104-7075
         Attorneys for defendant
26
     AIKEN, Judge:
27
         Claimant, Wilma Harbourne, brings this action pursuant to
28

1   - OPINION AND ORDER

the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying her application for disability insurance benefits under Title II of the Act.  42 U.S.C. §§ 401-34.  Tr. 70-72.  For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

### PROCEDURAL BACKGROUND

The Commissioner denied plaintiff's application for disability insurance benefits initially and upon reconsideration. In February 2005, an administrative law judge (ALJ) held a hearing and issued a decision in March 2005, finding plaintiff not disabled.  Tr. 243-54, 468-96.  In August 2005, the Appeals Council vacated the ALJ's decision and remanded the case for a second hearing and development of the record regarding plaintiff's mental impairment.  Tr. 263-65.  The ALJ subsequently held two additional hearings.  At the first hearing, the ALJ heard testimony from plaintiff, represented by counsel; Dr. David Rullman; and a vocational expert.  Tr. 497-541.  At the second hearing, the ALJ heard testimony from Dr. McDevitt, a psychiatrist.  Tr. 542-58.  On November 7, 2006, the ALJ issued a decision finding plaintiff not disabled under the Act.  Tr. 17-29.

In October 2007, the Appeals Council denied plaintiff's request for a review.  Tr. 8-10.  The ALJ's November 2006 decision became the Commissioner's final decision when the Appeals Council denied review.  20 C.F.R. §§ 404.981, 422.210.

///

///

## STATEMENT OF THE FACTS

Plaintiff was 46 years old when she alleged disability in November 2002, and 50 years old when the ALJ issued his November 2006 decision. Tr. 70. The relevant period under review is from November 8, 2002 (alleged disability onset) to November 7, 2006 (date of ALJ's decision). Plaintiff has a general equivalency diploma and past relevant work as a sorter/pricer, forklift operator, warehouse worker, flagger, grinder operator, and child monitor (babysitter). Tr. 87, 536-37. The record indicates that plaintiff last worked full-time in 2002. Tr. 82, 507. During the period under review, plaintiff babysat her 3-year-old granddaughter for 16 hours per week. Tr. 504. Plaintiff alleged disability due to arthritis, degenerative disc disease, hepatitis, and chronic pain. Tr. 70, 81, 126.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to

establish disability.   Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920.  First the Secretary determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity."  Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work."  20 C.F.R.

4   - OPINION AND ORDER

§§ 404.1520(e), 416.920(e).  If the claimant can work, she is not disabled.  If she cannot perform past relevant work, the burden shifts to the Secretary.  In step five, the Secretary must establish that the claimant can perform other work.  Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

### DISCUSSION

1. The ALJ's Findings

At step one, the ALJ found that plaintiff did not engage in substantial gainful activity after her alleged disability onset date.  Tr. 22.  At step two, plaintiff had the following severe impairments: cervical, thoracic and lumbar degenerative disc disease, and mild osteoarthritis of the knees.  Id.  At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment.  The ALJ found that plaintiff's residual functional capacity indicated that she could perform medium range work.  Tr. 25.  Plaintiff could not crawl or climb ropes, ladders, or scaffolds.  Id.  Finally, at step four, plaintiff was found not disabled because she could perform her past relevant work as a flagger, sorter/pricer, or grinder operator.  Tr. 28.

2. Plaintiff's Allegations of Error

Among other allegations of error, plaintiff alleges that the ALJ improperly evaluated the medical evidence in finding her metal impairment non-severe at step two and non-disabling at step

three.  I agree.  Several doctors found that plaintiff had a severe mental impairment.  Dr. Bryan, an examining neuro-psychologist, evaluated plaintiff regarding "factors that may impede her independent functioning or ability to maintain employment."  Tr. 356.  Dr. Bryan found no evidence of "deliberate feigning or of malingering," and diagnosed plaintiff with a pain disorder, depressive disorder, and alcohol dependence in reported remission.  Tr. 356-367.  Dr. Bryan stated that plaintiff did not have cognitive limitations, but had moderate-to-marked social functioning limitations.  Tr. 375-76. Specifically, Dr. Bryan found that plaintiff was "marked" in her restriction to "respond appropriately to work pressures in a usual work setting,"  and moderately restricted in her ability to interact appropriately with supervisors and co-workers, and to respond appropriately to changes in a routine work setting.  Tr. 376.

Next, Dr. Benakova, plaintiff's long-term treating physician, found that plaintiff had a marked limitation in activities of daily living and maintaining social functioning. Tr. 444.  Regarding plaintiff's episodes of decompensation, Dr. Benakova found that plaintiff "has chronic problems that are relatively stable making patient chronically decompensated."  Id. Dr. Benikova further explains that plaintiff is diagnosed with a somatoform disorder and does not have "repeated episodes of decompensation" because plaintiff is "chronically decompensated" causing "moderate limitation of ability to do basic work activities."  Tr. 445.

Dr. Rullman, an internal medicine expert, testified at the

6   - OPINION AND ORDER

hearing that plaintiff's significant problem was chronic depression and that she met the functional criteria of a mental Listing, 12.04 (depressive). Tr. 532-34.

Finally, Dr. McDevitt, a psychiatrist, and expert called to testify at the hearing after reviewing the records, stated that plaintiff "probably has a major depressive disorder." Tr. 548. Dr. McDevitt also stated that he agreed with Dr. Bryan's diagnosis and finding that plaintiff "meets the diagnosis of pain disorder associated with both psychological factors and a general medical condition." Tr. 551. Dr. McDevitt, however, disagreed that plaintiff's mental impairments met a Listing. Tr. 547-48. Dr. McDevitt did agree that Dr. Benikova was in the best position to evaluate plaintiff's functional restrictions from the "combination of her conditions," including her physical and mental impairments. Tr. 556.

Opinions from doctors with the most significant clinical relationship with the plaintiff are generally entitled to more weight than opinions from doctors with lesser relationships. Carmickle v. Commissioner, 533 F.3d 1155, 1164 (9th Cir. 2008). An ALJ must give clear and convincing reasons to reject a treating or examining doctor's uncontradicted opinion and specific and legitimate reasons to reject a contradicted opinion. Id. In addition, "[t]he ALJ must do more than offer her own conclusions. She must set forth her own interpretations and explain why they, rather than the doctors', are correct." Regennitter v. Commissioner, 166 F.3d 1294, 1299 (9th Cir. 1999)(internal quotation omitted). Here, all of the medical experts agree that plaintiff is suffering from a Pain Disorder

and Major Depression.  Both Dr. Bryan, the examining neuro-psychologist, and plaintiff's long-time treating physician, Dr. Benakova, found that plaintiff has significant functional limitations as a result of those disorders, including moderate and marked restrictions functioning in an employment setting. Dr. McDevitt, an expert called to testify at the hearing after reviewing records, testified that Dr. Benakova was in the best position to offer an opinion regarding plaintiff's functional limitations from her psychological and physical conditions.  Tr. 551, 556.  Dr. Benakova found plaintiff "chronically decompensated" and diagnosed her with a somatoform disorder equaling Listing 12.07. Finally, Dr. Rullman's opinion regarding plaintiff's functional limitations was unclear, although he did agree that she suffered from Major Depression and a Pain Disorder.

I find that the ALJ failed to give appropriate reasons for rejecting the diagnoses and opinions of Drs. Bryan and Benakova, both doctors with significant clinical relationships with plaintiff thereby entitling their opinions to more weight. Therefore, their opinions should be credited as true. Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004).  Specifically, the ALJ failed to identify any substantial medical evidence contradicting those opinions.  The ALJ improperly rejected Drs. Bryan and Benakova's opinions, therefore those opinions will be credited as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). "The remaining question is whether to remand for further administrative proceedings or simply for payment of benefits.  Where the Commissioner fails to provide adequate

reasons for rejecting the opinion of a treating or examining physician, we credit that opinion "as a matter of law." Id.

## CONCLUSION

The Commissioner's decision is not based on substantial evidence. Therefore, this case is reversed and remanded for payment of benefits. This case is dismissed.

IT IS SO ORDERED.

Dated this __3__ day of December 2008.


                                    /s/ Ann Aiken
                              Ann Aiken
                    United States District Judge

9    - OPINION AND ORDER